IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS O'TOOLE and<br>REBECCA O'TOOLE, | )<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. 12-1272 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiffs have filed a number of Motions, which will be resolved below, *in seriatim*.

Plaintiffs' "Appeals" (*see* **Docs. 34 & 35**) of the Court's prior rulings, which have been construed as Motions for Reconsideration, are **DENIED**, with this explanation. Plaintiffs' original Motions addressed discovery and related case management deadlines, and the Court has scheduled a Telephonic Status Conference to discuss these very issues. *See* Order dated Jul. 10, 2013 (Doc. 30) at 2 n.1 ("[s]hould Plaintiff's IME be conducted . . ., the Court will order a telephonic conference to discuss what discovery, if any, remains and the Court will set a new discovery deadline, if and as appropriate"); *see* Order dated Jul. 15, 2013 (Doc. 33) at 1 (scheduling Telephonic Status Conference regarding discovery). Plaintiffs can present to the Court their requests and arguments during the Telephonic Status Conference on July 24, 2013, and Plaintiffs are encouraged to review that Order prior to the Conference.

Next, Plaintiffs' Motion for Recusal (**Doc. 37**) is **DENIED**. Among other things, Plaintiffs' Motion complains that the Court improperly scheduled the Telephonic Status Conference while Plaintiffs "[will] not be in town." *See id.* at ¶ 3. Status conferences commonly

require in-person attendance, and the Court has expressly accommodated the parties by permitting them to appear by telephone. Plaintiffs have not demonstrated that their destination has no access to land-line or cellular phone service, and their complaints are unfounded. More importantly, recusal is not a proper mechanism to express dissatisfaction with the Court's rulings in this case. *See* In re Gavett, 2011 WL 4599665, *2 (3d Cir. Oct. 6, 2011) ("a litigant's dissatisfaction with a judge's rulings does not require recusal") (citation omitted); Hammer v. Cardio Medical Prods., Inc., 2006 WL 89927 (W.D. Pa. Jan. 11, 2006) ("[b]ecause it is in [the] nature of [a] judge's job to rule, and any ruling must favor one side and disfavor [the] other, rulings during [the] course of [a] case generally are not regarded as evidence of personal bias or prejudice for purposes of . . . recusal, even if it is alleged that [a] disproportionate number of rulings favor one side") (citation to quoted source omitted).

Next, Plaintiff Thomas O'Toole's Motion (**Doc. 38**) to proceed *in forma pauperis* ("IFP") is **DENIED**. Motions to proceed IFP typically are submitted by indigent litigants to avoid the payment of the Court's filing fee. *See* In re Mock, 2007 WL 3203002, *1 (3d Cir. Nov. 1, 2007) ("the purpose of the IFP statute is to provide an entré . . . to the indigent seeking relief in federal court") (citation to quoted source omitted); *see also* Woldegiorgise v. Immigration & Customs Enforcement, 2013 WL 664175, *1 (W.D. La. Feb. 22, 2013) ("[t]he purpose of IFP status is to permit those without sufficient assets to access the courts without being hindered by a filing fee that would otherwise be cost-prohibitive"). This case was removed from state court to this Court by Defendant, and Plaintiff has not been required to pay a filing fee in this Court. In the current context of this case, Plaintiff's request for IFP status is misguided, and it is denied as such.[1]

---

[1] The Court also would note that IFP status, even if granted, would not insulate Plaintiff from the assessment of costs under Federal Rule of Civil Procedure 54, should he lose, or from the imposition of sanctions, if and as appropriate. *See* Workman v. District 13 Tanque Verde

Finally, to the extent that Plaintiffs' Motion for Recusal may be construed as a request to reschedule the Telephonic Status Conference on **July 24, 2013 at 10:00 a.m.**, that request is **DENIED**.  As explained above, the Court already has accommodated Plaintiffs by allowing them to participate by telephone, and they have failed to show that phone service, by land-line or cellular network, will be unavailable to them.

IT IS SO ORDERED.

July 18, 2013                                                                  s\Cathy Bissoon
                                                                                      Cathy Bissoon
                                                                                      United States District Judge


cc (via ECF email notification):

All counsel of record


cc (via First-Class U.S. Mail):

Thomas O'Toole
2813 Stanley St.
South Park, PA  15129

Rebecca O'Toole
2813 Stanley St.
South Park, PA  15129

---

Unified Sch., 2010 WL 4324413, *1 (9th Cir. Nov. 2, 2010) ("a plaintiff proceeding [IFP] is not protected from the taxation of costs to which a prevailing defendant is entitled") (citation to quoted source omitted); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991) ("*in forma pauperis* litigants, like all others who appear before the courts," may be subject to sanctions under Federal Rule 11 or otherwise) (citations omitted).