IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS O'TOOLE and | ) | |
|---|---|---|
| REBECCA O'TOOLE, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 12-1272 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Having considered the parties' submissions regarding Plaintiffs' failure to appear for the Settlement Conference scheduled for April 28, 2014, the Court concludes that, although Plaintiffs' case will not, at this time, be dismissed, Plaintiffs will be ordered to pay the attorney's fees and costs associated with Defendant's appearance at the Conference.

The Court is unsatisfied with Plaintiffs' explanations for missing the Settlement Conference. Plaintiffs admit that <u>Mr. O'Toole</u> contacted Defendant's counsel to discuss the potential settlement of this case. *See* Doc. 64 at ¶ 1. Although Plaintiffs deny having consented to the filing of the Joint Motion (Doc. 56) for a settlement conference, they do not (and cannot) deny having received the Order dated March 14, 2014 (Doc. 57), which specifically directed that "**<u>Thomas O'Toole[ and] Rebecca O'Toole . . . must appear in person at the Conference</u>**." *Id.* (emphasis in original).[1] Plaintiffs also were repeatedly advised, by Order and through the undersigned's Practices and Procedures, that their failure to appear at Court-ordered conferences

---

[1] Plaintiffs cannot deny receiving the March 14th Order because they claim in their opposition papers to have mistakenly believed that the Conference was scheduled for April 30th. *See* Doc. 60.

may result in a summary grant of the appearing party's costs and fees. *See* Order dated Jul. 24, 2013 (Doc. 42) at 2 (contemplating "summar[y] assess[ment]" of fees and costs against non-appearing party); *compare* Court's Practices & Procedures at ¶ III.A.5 ("Judge Bissoon **requires** counsel and their clients, or other persons with ultimate settlement authority . . . to be present at settlement conferences," and "**[s]hould the Court determine that [a] client/representative [with] ultimate settlement authority**" does not appear, "**sanctions may be imposed**") (emphasis in original) *with* Order dated Apr. 4, 2013 (Doc. 19) at ¶ 6 ("[n]otwithstanding Plaintiffs' *pro se* status," they must "comply with all Court Orders and deadlines," as well as "the Practices and Procedures of the undersigned . . . , and they will be held responsible for complying with such practices and procedures"); *see also* Order dated Apr. 4, 2013 (Doc. 20) (warning Ms. O'Toole, after prior unexcused failure to participate in Telephone Conference, that "she must attend and/or participate in all court conferences and proceedings as directed, or face contempt sanctions") (emphasis added).

As to Plaintiffs' other excuses, they claim to have "totally forgot[ten] that they had a hearing" on April 28th "due to the severity of [Mr. O'Toole's]" recent medical condition. *See* Docs. 60 & 61. In their next breath, though, Plaintiffs state that "[they] were under the impression that [the Conference] was [to be held on] the 30th of April." Doc. 60. It is strange for Plaintiffs to suggest, on the one hand, that Mr. O'Toole's medical problems were so severe that they had to "drop everything" in their lives, including this case, while on the other hand, they claim to have been unaware that they were violating the Court Order because they thought the Conference was scheduled for April 30th, only two days later. Plaintiffs' excuses bring to

2

mind the adage, "the dog ate my homework," and it suffices to say that their assertions are unconvincing.[2]

If Plaintiffs were, as they claim to be, highly motivated to prosecute their claims in this case, they easily could have telephoned Defendant's counsel and the Court once it became clear that Mr. O'Toole's medical problems would present difficulties and ask that the Conference be rescheduled. Not showing up, not calling and being unavailable at their telephone number of record is plainly inconsistent with the standards of counseled litigation in this District. *See* discussion *supra* (recognizing that, Plaintiffs' *pro se* status notwithstanding, they are expected to adhere to same standards applicable in every other case, including, particularly, compliance with Court orders and deadlines).

Nevertheless, the Court concludes that Plaintiffs' responses reflect sufficient remorse that a dismissal of their claims with prejudice would, *at this juncture*, be inappropriate. In light of the explicit instructions and warnings given to Plaintiffs regarding the consequences that may result from an unexcused failure to appear, however, the Court has no hesitation in awarding Defendant its associated costs and attorney's fees. The Court has reviewed Defendant's Motion (**Doc. 62**, as amended by Doc. 63), and the costs and fees reflected therein are entirely reasonable. The Motion, therefore, is **GRANTED**, and Plaintiffs are jointly and severally liable to Defendant

---

[2] In opposing the entry of sanctions, Plaintiffs also delve into the merits of their claims, asserting that, had Defendant honored warranty provisions purportedly requiring Defendant to "pick[] up" the snow blower from their home, Mr. O'Toole would not have been injured. *See* Doc. 64 at ¶ 9; *cf. also* Doc. 53 at ¶¶ 1-3 (opposing summary judgment). Although the Court later will address this and other merits-based arguments in resolving Defendant's Motion for Summary Judgment, Plaintiffs' assertion reflects a fundamental misunderstanding of the law. At best, Plaintiffs' warranty-related allegations present an argument for "but-for" causation, while the law requires them to demonstrate *proximate* causation. *See* Commerce Bank/Pa. v. First Union Nat'l Bank, 911 A.2d 133, 141-42 (Pa. Super. 2006) (for purposes of negligence, "[e]stablishing 'but-for' causation . . . is not sufficient," and plaintiff "must show that the causation [of injury] was of a type that reasonable people would consider fair, natural, and probable").

in the amount of **$ 892.50**.  Payment shall be made to Defendant, by delivery to defense counsel's office, **within thirty (30) days of the date of this Order**.  The parties are not precluded from agreeing on alternate payment terms, including, for example, a monthly payment schedule, and, as appropriate, the Court will oversee discussions of such an agreement should final efforts at settlement prove unsuccessful.

Next in this case, and in the absence of a settlement, the Court will resolve Defendant's pending Motion for Summary Judgment (Doc. 46).  As Plaintiffs undoubtedly are aware, a grant of the Motion will result in final judgment being entered in favor of Defendant and against Plaintiffs, thereby ending the case.  Plaintiffs' obligation to pay the award of costs and fees, however, would remain unaffected.

Should Defendant's Motion be denied, the Court will enter an order scheduling pretrial deadlines and trial.  Among other things, the order will establish deadlines and instructions regarding:  Plaintiffs' and Defendant's required filing of a pretrial narrative statement, as consistent with Local Rule 16.1.C; the marking of trial exhibits and compliance with Local Rule 16.1.C.5.a; the filing of motions *in limine* and under Daubert, and responses thereto; and the parties' submission of proposed jury instructions, proposed verdict forms and proposed *voir dire*.  With respect to these obligations, the parties are directed to the Federal Rules of Civil Procedure, the Local Rules of this Court, and the instructions in the undersigned's Practices and Procedures.

Before ruling on summary judgment, however, the Court will afford the parties one last opportunity to engage in court-facilitated settlement negotiations.  Plaintiffs thrice have requested the scheduling of an additional conference, *see* Docs. 60, 61 and 64, although they request that the conference be held by telephone.  *See id.*  The Court rejects their request for a

telephone conference, however, because it is inconsistent with both the undersigned's rules and her experiences regarding effective settlement negotiations.[3]

Consistent with the above, a Settlement Conference is scheduled for **June 6, 2014 at 10:00 a.m.**, and will be held in the undersigned's Chambers. ***Thomas O'Toole and Rebecca O'Toole*** and counsel for Defendant ***shall appear in person***, and the Court will not indulge requests for rescheduling. ***Should Plaintiffs not appear, or not communicate within a reasonable time before the Conference that either or both of them do not intend to appear, additional and more severe sanctions will be entered against Plaintiffs, up to and including the dismissal of their case with prejudice***.

If, for whatever reason, the Conference does not proceed as scheduled, no further Court-facilitated settlement negotiations will be entertained and the Court will proceed to resolve Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.


May 23, 2014                                s\Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

---

[3] Although Mr. O'Toole may object that his medical condition is too dire for him to appear in person, the Western District Courthouse is fully wheelchair-accessible. *Cf.* Doc. 61 (stating that Mr. O'Toole currently is wearing "[a] camboot" and has been directed to "stay off [his] foot"). If he is too ill to appear in Chambers for a couple of hours, it is unrealistic to believe that he will be capable of appearing and participating in a days-long trial. If Mr. O'Toole is too ill to effectively prosecute his claims, he also remains free to voluntarily dismiss his action.
In addition, the parties may negotiate a settlement without Court-assistance. Should the case be settled, the parties must promptly notify the Court so that the Conference may be cancelled. Such notification must be made in a writing signed by all parties, or by a telephone call to Chambers with representatives of both sides on the line.

cc (via ECF email notification):

All counsel of record


cc (via First-Class U.S. Mail):

Thomas O'Toole
2813 Stanley St.
South Park, PA  15129

Rebecca O'Toole
2813 Stanley St.
South Park, PA  15129